[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11455
_____

D.C. Docket No. 8:11-cv-01829-RAL-MAP

DORIS THEWS,

                    Plaintiff-Appellant,

versus

WAL-MART STORES, INC.,

                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 19, 2014)

Before WILSON, Circuit Judge, and MIDDLEBROOKS,[*] and ALBRITTON,[**] District Judges.

---

[*] Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, sitting by designation.
[**] Honorable W. Harold Albritton III, United States District Judge for the Middle District of Alabama, sitting by designation.

PER CURIAM:

Appellant Doris Thews ("Appellant" or "Ms. Thews"), a regular at her local Wal-Mart, was retrieving a shopping cart at the store when she fell to the ground of the shopping cart vestibule. It turns out that a Wal-Mart employee was pushing several shopping carts into the vestibule when Ms. Thews fell; however, there was no video evidence of the incident, nor could anyone definitively point to the moving stack of shopping carts as the cause of the fall. As a result of this incident, Ms. Thews sustained serious spinal injuries, which required surgery to insert two titanium rods and eight screws into her spine.

Ms. Thews filed suit against Wal-Mart in the Middle District of Florida. The Complaint alleges state law negligence claims against Wal-Mart. There is only one "count" in the Complaint, which is entitled "Claim Against Wal-Mart Stores, Inc." The Complaint alleged that Wal-Mart breached its duty to Ms. Thews by: failing to properly train its employees; improperly designing and maintaining the shopping cart vestibule area; and failing to warn customers that the shopping carts might be pushed toward them. The Complaint did not allege vicarious liability against Wal-Mart for negligence of its employees in mishandling shopping carts.

The case proceeded to trial. After both sides rested their cases, Wal-Mart moved for judgment as a matter of law ("JMOL") arguing that Appellant failed to present evidence to support her direct liability claims. The district court agreed, granted JMOL in favor of Wal-Mart, and dismissed the jury.

In an effort to save Appellant's case, Appellant's counsel objected to the ruling, and sought to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(b) to conform the pleadings to the evidence presented at trial. Specifically, Appellant's counsel sought to raise a general negligence claim and add the doctrines of res ipsa loquitur and vicarious liability. Appellant's counsel also asked for a continuance under Rule 15(b)(1). All of Appellant's requests were denied by the district court.

On appeal, Appellant argues that (1) the district court erred as a matter of law in granting Wal-Mart's motion for JMOL, and (2) the district court abused its discretion in denying Appellant's Rule 15 motions.

**I.**

We first address whether the district court erred in granting Wal-Mart's motion for JMOL. We review a district court's ruling on a motion for JMOL *de novo*, *Chaney v. City of Orlando, Fla.*, 483 F.3d 1221, 1227 (11th Cir. 2007) (citing *Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 902 (11th Cir. 2004)), and examine the trial evidence in the light most favorable to the non-moving party.

*Celebrity Cruises, Inc.*, 394 F.3d at 902.  Because jurisdiction is based on diversity jurisdiction, Florida substantive law is applied.

As an initial matter, we are not persuaded by Appellant's argument that her case involved a "general" negligence claim against Wal-Mart on the basis of vicarious liability.  First, as noted by the district court, the Complaint specifically alleged six distinct ways in which Appellant claimed Wal-Mart breached its duty of care to her.  None of these alleged breaches indicated a "general" negligence claim, and the only mention of respondeat superior related to the claim that Wal-Mart failed to properly train its employees.  Moreover, any suggestion of vicarious liability – however slight it may be – was alleged as factual background, not as part of her cause of action.[1]

Second, throughout trial, Appellant stayed course in her theories of direct negligence in a manner consistent with the Complaint, and presented no evidence of employee negligence. By way of example, in opening statements, Appellant's counsel advised the jury that the case was about safety rules and Wal-Mart's duty to maintain a safe store.  (Tr., Vol. I, at 13:20 to 14:5) ("The reason that we're here today and the crux of this case is all about safety rules. . . . Wal-Mart has an obligation to make sure that it has safety rules in place so that when people come

---

[1] Although a Joint Pre-Trial Statement filed with the court includes a reference by Appellant to negligence of Wal-Mart employees, it does not list this and Wal-Mart's liability for that either as one of the Uncontested Facts or as one of the numerous Facts Remaining To Be Litigated. Furthermore, the Joint Pre-Trial Statement was not adopted by the court into a Pre-Trial Order, so the Complaint is controlling.

into the store and take a cart they are not hurt. This case is about how Wal-Mart violated that safety rule."). Appellant's counsel then discussed the involvement of Wal-Mart's employees, Mr. Wesley Patterson and Mr. Eames Josephat, but counsel made no mention or insinuation that either of these individuals acted negligently, or that Wal-Mart is vicariously liable for its employees' negligent acts. (Tr., Vol. I, at 16-18).

Appellant, represented by experienced counsel, pleaded direct negligence against Wal-Mart and continued on that theory of liability through trial. Given such, coupled with the fact that there was no evidence at trial of employee negligence, the district court did not err in holding Appellant to her chosen and argued theory of direct negligence.[2]

We now turn to whether JMOL was appropriate. When deciding a Rule 50 motion, the district court must decide whether there has been "a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). A defendant is entitled to JMOL when no reasonable jury could have reached a verdict for the plaintiff on a particular claim. *Collado v. United Parcel Serv., Co.*, 419 F.3d 1143, 1149 (11th Cir. 2005) (citations omitted). We review all the record evidence and draw all reasonable inferences in the light most favorable to Appellant, the non-moving party in this case. *Cleveland v. Home Shopping*

---

[2] This reasoning applies equally – if not more so – to Appellant's argument that the district court should have allowed and considered the doctrine of res ipsa loquitur.

*Network, Inc.*, 369 F.3d 1189, 1192-93 (11th Cir. 2004) (citing *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 148-151, 120 S. Ct. 2097 (2000)).

After carefully reviewing the record, and having the benefit of oral argument, we agree with the district court that there was insufficient evidence presented to send this case to the jury.  In accordance with *Cooper Hotel Services, Inc. v. MacFarland*, 662 So. 2d 710 (Fla. 2d DCA 1995), and *Insurance Company of the West v. Island Dream Homes, Inc.*, 679 F.3d 1295 (11th Cir. 2012), cases cited by the district court, Appellant was required to submit *some* evidence of the industry standard of care regarding the design and maintenance of shopping cart vestibules.  This could have been done by introducing expert testimony or testimony of retail industry custom relating to shopping cart vestibules.  *See Island Dream Homes*, 679 F.3d at 1298.  At trial, Appellant presented no evidence whatsoever of any industry custom or standard of care.  Accordingly, the district court properly granted JMOL.

## II.

Appellant also argues that the district court abused its discretion by denying her Rule 15(b) motions to amend the complaint.  The decision whether to allow a party to amend the complaint at the close of trial to conform to the evidence presented is within the discretion of the trial court.  *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 758 (11th Cir. 1985).  However, when issues not within the

pleadings are tried by the express or implied consent of the parties, amendment must be allowed. *Id.*

After the close of evidence and after the district court granted JMOL in favor of Wal-Mart, Appellant sought to amend the Complaint to include a claim for vicarious liability for the purported negligent conduct of Wal-Mart's employees. Specifically, Appellant asked the court to let the case go to the jury on the issue of whether Mr. Patterson was negligent. Appellant also asserted that Wal-Mart consented to a direct negligence trial by listing Mr. Patterson and Mr. Josephat as witnesses. Wal-Mart countered by arguing that an amendment would be prejudicial to Wal-Mart because Wal-Mart focused its entire case – beginning in discovery and continuing through opening statements at trial – on the training of Wal-Mart's employees and the design and maintenance of the store's shopping cart vestibule.

We find that the district court did not abuse its discretion in denying Appellant an opportunity to amend her complaint to conform to the evidence at trial. Additionally, the record does not establish that Wal-Mart consented to try the issue of employee negligence.

**AFFIRMED.**